IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BRIAN FORDHAM, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 6:16-CV-00305-RC |
| | § |
| v. | § |
| | § |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § |
| | § |
| Defendant. | § |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Brian Fordham initiated this civil action pursuant to Social Security Act, Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the decision of the Commissioner should be affirmed and the action dismissed with prejudice.

The Report and Recommendation of the Magistrate Judge (Dkt. No. 18), which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. Plaintiff has filed an objection to the Report and Recommendation (Dkt. No. 19). Specifically, Plaintiff objects to the Magistrate Judge's finding that the ALJ's residual functional capacity ("RFC") is not erroneous because Plaintiff argues that the ALJ failed to make separate function-by-function findings of each of the seven exertional strength demands and non-exertional physical findings. *Id.* at 1. As an initial matter, this argument regarding the ALJ's failure to make a function-by-function finding for each of the seven exertional strength

1

demands and non-exertional physical findings was not raised in Plaintiffs' briefing in this matter. Rather, Plaintiff only argued that the ALJ's RFC finding was erroneous because: (1) the ALJ's findings of severe impairments and credibility were erroneous; (2) the ALJ erroneously rejected his treating physician's Medical Source Statement; and (3) the ALJ failed to correctly apply the applicable standards and articulate the weight given to each of the medical opinions. (Dkt. No. 13, at 11–15; Dkt. No. 17, at 6–8.) The Court does not consider arguments raised for the first time in objections because they are not properly before the Court. *See Rodriguez v. Apfel*, 139 F.3d 898, 1998 WL 127813, at *4 (5th Cir. 1998) ("The general rule is that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court, and therefore cannot be raised on appeal."); *Cupit v. Whitley,* 28 F.3d 532, 535 n.5 (5th Cir. 1994) (in enacting the federal Magistrate Judge Act, 28 U.S.C. § 631, *et seq.*, "Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for de novo review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge—'absent compelling reasons'"), *cert. denied,* 513 U.S. 1163 (1995). Plaintiff provides no explanation for why this argument was not previously raised in her briefing or before the Magistrate Judge. The Court therefore finds Plaintiff's primary objection without merit.

In addition, Plaintiff argues that the Magistrate Judge erred in accepting reliance on the State Agency Medical Consultants' opinions. (Dkt. No. 19, at 3.) However, as the Magistrate Judge noted, the ALJ afforded great weight to these opinions based upon their qualifications and in full consideration of the record. (Dkt. No. 18, at 13.) Where the ALJ provided a stated basis for providing weight to reviewing physicians' opinions that were supported in the medical

record, the Magistrate Judge did not err in refusing to reweigh the evidence. *Id*. citing *Williams v. Astrue*, No. 4:11-cv-483, 2013 WL 1282517, at *4 (E.D. Tex. Mar. 27, 2013).

Plaintiff does not object to the remainder of the Magistrate Judge's findings or conclusions in the Report and Recommendation. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

**So Ordered and Signed**
**Nov 2, 2017**

_____
Ron Clark, United States District Judge